

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-25-00132-CV

___

WILLIE R. JONES, APPELLANT

V.

KENT C. NOELL, D/B/A DENTON CHIROPRACTIC CENTER, APPELLEE

___

On Appeal from the County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2024-00489-JP, Honorable Robert Ramirez, Presiding

___

July 21, 2026

MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Willie R. Jones, Jr., appearing pro se, appeals from a judgment rendered in favor of Appellee, Kent C. Noell, doing business as Denton Chiropractic Center. In one issue, Jones contends he received no notice of the final trial setting. We affirm.

## BACKGROUND

Noell sued Jones in justice court for unpaid medical bills. Both parties appeared pro se, and the justice court found for Jones. Noell appealed to County Court at Law No. 2 for trial de novo and retained counsel. Counsel obtained a trial date and served Jones with notice of the setting by email through the electronic filing manager. Jones did not appear for trial, and the trial court signed judgment for Noell that same day.

The judgment was signed January 21, 2025. Thirty-one days later, on February 21, 2025, Jones filed a combined document titled "Appeal of Judgment and Motion for New Trial," asserting that he had not received notice of the trial setting.[1] The trial court took no action on the motion.

## ANALYSIS

A motion for new trial must be filed within thirty days after the judgment is signed. TEX. R. CIV. P. 329b(a). The deadline marks the outer limit of the trial court's plenary authority to reconsider its judgment in the ordinary course. TEX. R. CIV. P. 329b(f); *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 640 (Tex. 2021) (holding that because the trial court lost plenary jurisdiction thirty days after rendition of judgment, "We have no authority to order a court to perform a void act."). This deadline cannot be extended. *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). Once the new trial filing window closes, a party who claims not to have

---

[1] Appellee challenges the timeliness of the notice of appeal. After we found that his combined motion for new trial and notice of appeal had been filed one-day late, Jones filed an explanation of his late notice of appeal. We found that Jones provided an adequate explanation for his late filing. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

received notice must proceed by bill of review rather than by motion for new trial. *See* TEX. R. CIV. P. 329b(f); *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam); *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 866 (Tex. 2010).

The deadline is dispositive in this post-answer default judgment case. Noell served Jones with notice of the trial setting by electronic delivery through the filing manager, using an email address Jones acknowledges to be correct. The accompanying certificate of service is prima facie evidence of service and gives rise to a presumption that service was received. TEX. R. CIV. P. 21a(e); *Ahmed v. Parvin*, No. 14-21-00143-CV, 2022 Tex. App. LEXIS 3399, at *12 (Tex. App.—Houston [14th Dist.] May 19, 2022, pet. denied) (affirming post-answer default judgment when pro se appellant complaining of deficient service through electronic filing failed to present evidence rebutting the presumptions of proper service, receipt, and notice of the trial setting); *Buttler v. Sutcliffe*, No. 02-15-00319-CV, 2016 Tex. App. LEXIS 9489, at *11 (Tex. App.—Fort Worth Aug. 26, 2016, no pet.) (holding that a certificate of service is prima facie evidence that service occurred). Jones therefore bore the burden to rebut the presumption by providing evidence that he did not receive service of the trial setting. *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (per curiam); *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987). In this appeal, the vehicle he chose was a motion for new trial, which must be timely to preserve the complaint for review. *See* TEX. R. CIV. P. 324(b)(1).

Here, Jones's motion for new trial was untimely. The trial court therefore lacked power to act on it. TEX. R. CIV. P. 329b(e); *Panda Power*, 619 S.W.3d at 640. Nor may we consider the complaint on appeal. *Moritz*, 121 S.W.3d at 720 ("A trial court's order

3

overruling an untimely new trial motion cannot be the basis of appellate review, even if the trial court acts within its plenary power period.").

We therefore overrule Appellant's sole issue.

## CONCLUSION

We affirm the judgment of the county court at law.

Lawrence M. Doss
Justice